Ms. Karla M. Burnett Pulaski County Attorney 203 S. Broadway, Suite 400 Little Rock, AR 72201
Dear Ms. Burnett:
You have requested approval, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.], of an agreement between Pulaski County, the City of North Little Rock, and the City of Little Rock, concerning the operation and construction of the River Rail project.
Under the terms of the agreement, the parties agree as to their respective responsibilities regarding the funding and operation of the River Rail project and related matters.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
 (2) The organization, composition, and nature of any separate legal or administrative entity created by the agreement, and the powers delegated to that entity;
(3) The purposes of the agreement;
 (4) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (5) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(6) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
The agreement that you have submitted must specify all of the above-listed items.
I am required by law to review the agreement for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state.
Having reviewed the agreement, I find that it fails to specify two of the required items listed above. First, although the agreement does specify the manner in which property is to be disposed of upon termination of the agreement, it does not specify the manner in which property is to be acquired and held during the life of the agreement. More specifically, it does not state whether the parties are to hold title jointly to all property acquired in connection with the project, or if not, which party is to hold title to which property. This is a matter that could have substantial legal significance. Second, although the agreement makes reference to "a decision of the Parties to terminate this Agreement," it does not specify the method by which such an agreement is to be reached. Again, this deficiency could have a significant legal impact, particularly in light of the fact that under the terms of the agreement, each party reserves to itself the right not to fund its assessments for the project. I note that the Agreement makes reference to an "Exhibit A," which was not included with the materials that were submitted to me. I acknowledge that the deficiencies I have noted may be addressed in this exhibit. I also note that the agreement that was submitted to me does not designate the identity of the parties to the agreement, nor does it explain the identity of "CATA," which appears to be the designated administrator of the project. In addition, the agreement does not include definitions of some key terms, which could be helpful in interpretation of the agreement. Again, these items may be included in exhibits to the agreement, but no exhibits were provided to me.
In light of these deficiencies, I must withhold approval of the submitted agreement in its current form, pursuant to the provisions of A.C.A. §25-20-104(f)(2). If you wish to submit an amended agreement including the required information, I will be happy to approve it in a most expeditious manner.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General